# J. Caps & Sons, Ltd., *v.* American Railway Express Co., Appellant.

*Express company — Transportation in interstate commerce — Uniform express receipt—Attempted denial of contract—Refusal of consignee to accept delivery—Sufficiency of affidavit of defense.*

Plaintiffs declared for value of goods entrusted to carrier for interstate transportation pursuant to its uniform express receipt governing interstate shipments. On tender of delivery the consignee rejected the shipment. Defendant then notified plaintiffs of the rejection, specified charges due and demanded disposition. Plaintiffs immediately paid the amount and gave shipping instructions with which defendant avers it was unable to comply because it had then delivered the shipment, on the consignee's order, to the consignee's trustee in bankruptcy.

*Held:* the affidavit of defense was insufficient:

(a) in the attempted denial that the goods were received for transportation pursuant to the contract alleged;

(b) in not averring performance of the contract averred, or

(c) in not justifying the delivery alleged to have been made.

Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, followed.

Argued October 16, 1922. Appeal, No. 186, Oct. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1921, No. 763, in favor of plaintiff, for want of a sufficient affidavit of defense, in the case of J. Caps & Sons, Limited, v. American Railway Express Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover alleged value of a shipment of goods. Before ROGERS, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

*Wm. A. Schnader,* and with him *Thomas DeWitt Cuyler,* for appellant.—Delivery to the consignee's receiver was a good delivery: Teller & Co. v. American Railway Express Co., 78 Pa. Superior Ct. 300; In re Allen, 178 Federal Reporter 879; In re Artic Stores, 258 Federal Reporter 692.

*Samuel W. Cooper,* for appellee.—The affidavit of defense was insufficient in the statement of fact: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Franklin Sugar R. Co. v. Hanscom Bros., 273 Pa. 98; Pittsburgh Block Coal Co. v. Oliver Coal Co., 259 Pa. 290.

OPINION BY LINN, J., December 14, 1922:

Defendant complains of judgment for want of a sufficient affidavit of defense.

1. The contract is not denied. Plaintiffs alleged defendant was a common carrier for hire by them "entrusted" in Illinois with certain goods for delivery in Philadelphia pursuant to a receipt and contract for transportation, issued by defendant, subject to its uniform express receipt governing interstate shipments. The affidavit of defense is uncertain and evasive concerning these allegations. As the transportation was interstate, it could only be lawfully performed pursuant to appropriate tariffs; plaintiffs' averment of a contract of the character indicated was true or false, and defendant must know which; either it received, or intended to re-

ceive the shipment pursuant to the alleged contract in accordance with its tariff and regulations, or in violation thereof; if the former, as we shall presume, it was lawful; if the latter, it was unlawful. Defendant admits receiving the goods for transportation, and does not suggest the contract was unlawful or otherwise than averred; it neither denies the authority of its agent to make contracts such as was issued, nor avers any particular objection to it; it bases its denial of the contract on lack of means of knowledge on the subject, and follows that by averring that if the receipt was issued as plaintiffs alleged, it was subject to the conditions of the uniform express receipt effective under federal law and that plaintiff must prove it. Considered in the light of the familiar legal effect of tariffs binding both shipper and carrier, defendant's allegation is insufficient; there is no effective denial of plaintiff's allegation of the contract.

2. The contract was not performed. Plaintiffs aver that on August 17, 1920, at Jacksonville, Illinois, they "entrusted to the defendants for carriage" certain goods for delivery to the Schaffner corporation at a specified address in Philadelphia; that "upon the arrival of the same goods and upon tendering delivery of the same to the consignees thereof......on or about August 25, 1920, the said consignees,......refused to accept the said shipment, and so notified the said defendants, and the said defendants, thereafter, on January 11, 1921, mailed a notice of the refusal of the said shipment to [plaintiffs] at Jacksonville, Florida, and in the said notice stated that the shipment aforesaid was not accepted by the consignees and was being held by the defendants subject to the order of the shippers. This notice was erroneously addressed, being sent to Jacksonville, Florida, but the same was forwarded to the plaintiffs herein who received the said notice on January 15, 1921, and that day sent to the defendant company a check for $4.36 to pay the charges against the said shipment and requested the said defendants to return the same to the consignors, the

plaintiffs herein, but the defendants failed and refused to do so." In the affidavit, defendant admits tendering the goods to the consignee, its unqualified rejection of the shipment, the notice to plaintiffs, the receipt of the charges for return shipment, and refusal to return.

The legal effect of the consignee's rejection is settled. "The plain alternative would be to simply reject the tendered shipment and thus advise the carrier company it must look for its freight, etc., either to the consignor or to the shipment itself upon which, under the law, it would be entitled to a lien for transportation charges": West Jersey & Seashore R. R. Co., v. Whiting L. Co., 71 Pa. Superior Ct. 161, 166. Defendant recognized that. When the consignee refused to accept delivery, defendant notified the consignor accordingly and the consignor immediately complied with defendant's request and gave shipping instructions and paid the charges demanded. In delivering on the consignee's order after the consignee's rejection, defendant acted at its own risk, and unless such subsequent delivery was ratified by the consignor, or the defendant otherwise showed that the consignee was entitled to the property, defendant was responsible to the owner. As the affidavit sets forth nothing authorizing the delivery made, defendant is in default.

3. In support of its refusal to return the bailment to the bailor, defendant avers that on January 8, 1921 (contradicting its notice of January 11, 1921, that it then had the shipment), it delivered the goods to a receiver in bankruptcy for the consignee; but it does not aver that the shipment was not the property of the bailor, as it presumably was, or that it was the property of the consignee or its receiver in bankruptcy; there is nothing to show that the goods had been sold by plaintiffs to the consignee or that it had any property or interest whatever therein after the August 25, 1920, when it refused to receive them. The explanation is therefore insufficient.

4. The question remains whether the affidavit of defense effectively denies the amount claimed. We all agree that it does not. Plaintiffs aver "the value of the said goods" to be "the sum of $317.25." To that allegation defendant replies that it "denies that the value of the shipment in question was $317.25." It does not state what the value was. There is no suggestion that defendant made any inquiry whatever to ascertain; nor does it appear that defendant lacked sources of information to obtain the value. The form of contract attached to the amended statement of the claim expressly specified that defendant's charge is dependent upon the value of the property as declared or released by the shipper. As the affidavit states the charges defendant fixed for the shipment, it must have had some knowledge of the alleged value of the goods. When the affidavit of defense clearly shows the bailment declared upon, its purpose and failure to perform, judgment will not be refused for the value duly declared in the statement of claim on defendant's bald denial of the value, without additional averments supporting it: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

5. As there is nothing in the pleadings indicating there was a sale or other transfer of property in the shipment to the consignee, and as the consignee unconditionally declined to receive the shipment when tendered, it is obvious that appellant's contentions concerning stoppage in transitu, or the effect of the consignee's bankruptcy, have nothing to do with the case made in the pleadings. Nor in the absence of averment of what would have been a reasonable time for delivery, need we consider the point that notice of a claim was required within four months after such time and was not given.

The judgment is affirmed.